# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD A. WEST,<br><br>           Plaintiff,<br><br>    v.<br><br>FEDERAL BUREAU OF PRISONS, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:09-cv-01277 LJO DLB PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE SECOND AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY AGAINST DEFENDANT DOE 1 WITHIN THIRTY DAYS<br><br>(Doc. 8) |

**Screening Order**

**I.      Screening Requirement**

Plaintiff Gerald A. West ("plaintiff") is a federal prisoner proceeding pro se in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff filed this action on July 22, 2009 and filed an amended complaint on August 10, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

## II. Summary of Plaintiff's Claims

Plaintiff is currently incarcerated in Terre Haute, Indiana. The events giving rise to this action occurred at USP-Atwater in Atwater, California. Plaintiff brings this action against defendants Federal Bureau of Prisons ("FBOP"), Warden D. Smith, Director of FBOP Harley G. Lappin, and two unnamed officers. Plaintiff seeks money damages.

Plaintiff alleges that on October 26, 2007, he arrived at USP-Atwater from USP-Coleman in Florida. Plaintiff informed staff that he was concerned about being placed in general population because of a "prior stabbing incident" at USP-Coleman, but states that his concerns were ignored.

Inmate Morton also arrived at USP-Atwater that day. The next day, Plaintiff alleges that inmate Morton was mistaken for Plaintiff by a group of inmates, who attacked and stabbed inmate Morton. At the infirmary, inmate Morton informed an unknown officer (Doe 1) that Plaintiff was the intended victim. Defendant Doe 1 ignored the information and told inmate Morton that his shift was nearly over and that he was going home. Plaintiff states that the housing unit was placed on lock-down for an emergency count by an unknown duty officer (Doe 2). When the cell doors were reopened twenty minutes later, Plaintiff was beaten and stabbed six times in his cell by three inmates. Plaintiff contends that he should not have been placed in general population. Plaintiff contends that Doe 2 should have kept the unit on lock-down until an investigation was completed.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).

Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer at 847; Hearns at 1040.

Plaintiff states a cognizable claim against defendant Doe 1. Plaintiff's allegation that Doe 1 was made aware of a threat to Plaintiff's safety by inmate Morton and failed to take any action is sufficient to support a claim for failing to protect Plaintiff from a substantial risk of harm.

With respect to defendant FBOP, under the doctrine of sovereign immunity, a Bivens action will not lie against the United States, agencies of the United States, or federal agents in their official capacity. See FDIC v. Meyer, 510 U.S. 471, 486 (1994); Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996); Cato v. United States, 70 F.3d 1103, 1110 (9th Cir. 1995). The FBOP is a federal agency. Plaintiff's claim fails as a matter of law.

With respect to defendants Lappin and Smith, the Supreme Court recently emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49. Plaintiff's amended complaint is devoid of any facts describing personal knowledge and disregard of a substantial risk of harm to Plaintiff by defendants Smith and Lappin. Their positions as Warden of USP-Atwater and as Director of FBOP alone, does not render them liable for the conduct of their staff. Plaintiff fails to state a claim against either defendant Smith or Lappin.

Finally, Plaintiff's allegation that defendant Doe 2 should have left the unit on lock-down pending a complete investigation is insufficient to support a claim against him/her. The fact that Doe

2 placed the unit on lock-down for a count, and then reopened the doors twenty minutes later, does not render him/her liable for failing to protect Plaintiff from harm. There are no facts showing that Doe 2 knew of any risk of harm to Plaintiff.

**III.     Conclusion and Order**

Plaintiff's amended complaint states a claim under Bivens against Defendant Doe 1 for violation of the Eighth Amendment. However, Plaintiff's allegations do not support any claims against Defendants Lappin, Smith or Doe 2. Plaintiff's claim against defendant FBOP also fails as a matter of law.

The Court will provide Plaintiff with the opportunity to file a second amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file a second amended complaint and is agreeable to proceeding only against Defendant Doe 1, Plaintiff may so notify the Court in writing, and the other defendants will be dismissed for failure to state a claim against them. Plaintiff will then be provided with one summons and one USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendant Doe 1.

If Plaintiff opts to amend, his second amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S.Ct. at 1948-49; Jones, 297 F.3d at 934. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). The mere possibility of misconduct is insufficient to state a claim. Iqbal at 1950.

Finally, as previously set forth, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at

4

1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
   a. File a second amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file a second amended complaint and is willing to proceed only against Defendant Doe 1 on his Eighth Amendment claim; and
3. Failure to comply with this order will result in a recommendation that the action be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **September 23, 2009**              /s/ Dennis L. Beck
                                          UNITED STATES MAGISTRATE JUDGE