# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD A. WEST,<br><br>              Plaintiff,<br><br>       v.<br><br>FEDERAL BUREAU OF PRISONS, et al.,<br><br>              Defendants.<br>_____/ | CASE NO. 1:09-cv-01277 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Doc. 10) |

Plaintiff Gerald A. West ("plaintiff") is a federal prisoner proceeding pro se in this civil action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. The claims at issue arise out of an incident occurring at USP-Atwater in 2007, where Plaintiff was previously incarcerated. Plaintiff alleges that on October 27, 2007, he was attacked and stabbed by three inmates, and that defendants failed to protect him from harm.

On September 15, 2009, Plaintiff filed a motion for preliminary injunctive relief. Plaintiff alleges that his life is in danger by members of a violent Washington D.C. group of Muslims who have ties to every United States Penitentiary ("USP"). Plaintiff states that this group was behind the 2007 attack on him at USP-Atwater. Plaintiff states that there is a hit on his life and that it is unfair to keep him continuously housed in segregation. Plaintiff requests that he be transferred to either an established protection facility or to a lower security F.C.I. facility, where the Washington D.C. group has less influence. Alternatively, Plaintiff requests a transfer to a state prison in Minnesota.

1     "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v.
2  Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff
3  seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is
4  likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips
5  in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An
6  injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376
7  (citation omitted) (emphasis added).

8     "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold
9  requirement imposed by Article III of the Constitution by alleging an actual case or controversy."
10 City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted);
11 Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). "Abstract injury is not enough."
12 Lyons, 461 U.S. at 101, 103 S.Ct. at 1665. "[P]laintiff must show that he has sustained or is
13 immediately in danger of sustaining some direct injury as the result of the challenged official conduct
14 and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical."
15 Id. (internal quotations and citations omitted). "The key issue is whether the plaintiff is 'likely to
16 suffer future injury.'" Jones, 444 F.3d at 1126 (quoting Lyons at 105, 1667).

17     In addition, any award of equitable relief is governed by the Prison Litigation Reform Act,
18 which provides in relevant part, "Prospective relief in any civil action with respect to prison
19 conditions shall extend no further than necessary to correct the violation of the Federal right of a
20 particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless
21 the court finds that such relief is narrowly drawn, extends no further than necessary to correct the
22 violation of the Federal right, and is the least intrusive means necessary to correct the violation of
23 the Federal right." 18 U.S.C. § 3626(a)(1)(A).

24     First, issuing the order sought by Plaintiff would not remedy the cognizable legal claims at
25 issue in this action.[1] For that reason, the Court lacks jurisdiction in this action to issue the order

---

[1] In an order issued separately, the Court screened Plaintiff's first amended complaint and found that it states a cognizable claim only against defendant Doe 1 for violation of the Eighth Amendment, arising from the July 27, 2007 incident at USP-Atwater. 28 U.S.C. §1915A(a); 28 U.S.C. § 1915(e)(2)(B)(ii).
   When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his

2

sought by Plaintiff.  <u>Lyons</u>, 461 U.S. at 101;  <u>Jones</u>, 444 F.3d at 1126.  Further, Plaintiff has not made a clear showing that he is entitled to relief.  <u>Winters.</u> at 376.  Finally, even if the Court had jurisdiction to issue the order sought, Plaintiff has not demonstrated that he is likely to suffer future injury if he remains housed in segregation at USP-Terre Haute.  A transfer to an established federal protection facility, a FCI facility, or to state custody is not narrowly tailored to correct the alleged violation of a federal right.

For the reasons set forth herein, the Court hereby RECOMMENDS that Plaintiff's motion for a preliminary injunction, filed September 16, 2009, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 23, 2009**                    /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE

---

claims for such relief become moot when he is no longer subjected to those conditions.  <u>Nelson v. Heiss</u>, 271 F.3d 891, 897 (9th Cir. 2001); <u>Dilley v. Gunn</u>, 64 F.3d 1365, 1368 (9th Cir. 1995); <u>Johnson v. Moore</u>, 948 F.2d 517, 519 (9th Cir. 1991).

3