# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD A. WEST, | Case No. 1:09-cv-01277-LJO-DLB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS |
| v. | |
| FEDERAL BUREAU OF PRISONS, et al., | (Doc. 16) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN **THIRTY (30) DAYS** |

## I. Findings and Recommendations

Plaintiff Gerald A. West ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff opened this action on July 22, 2009. On July 22, 2009, Plaintiff initiated this action by filing his complaint. Plaintiff then filed a first amended complaint on August 10, 2009. On September 23, 2009, the Court screened Plaintiff's first amended complaint and ordered Plaintiff either to file a second amended complaint curing the deficiencies identified therein, or file a second amended complaint. Pending before the Court is Plaintiff's second amended complaint, filed on October 19, 2009. (Doc. 16.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

1

1 that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.
2 § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been
3 paid, the court shall dismiss the case at any time if the court determines that . . . the action or
4 appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §
5 1915(e)(2)(B)(ii).

6      A complaint must contain "a short and plain statement of the claim showing that the
7 pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
8 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
9 conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing
10 *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient
11 factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Iqbal*, 129 S. Ct.
12 at 1949 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal
13 conclusions are not.  *Id.*

14 **II.**     **Summary of Second Amended Complaint**

15      Plaintiff was previously incarcerated at United States Penitentiary at Atwater ("USP-
16 Atwater") in Atwater, California, where the events giving rise to this action occurred.  Plaintiff
17 names as Defendants Correctional Officers John Doe 1, John Doe 2, and John Doe 3.

18      Plaintiff alleges that on October 26, 2007, he arrived at USP-Atwater from USP Coleman.
19 During intake, Plaintiff told Defendant John Doe 1 that he had concerns about whether he should
20 be placed in general population because of a prior stabbing incident that occurred at USP
21 Coleman prior to his transfer.  Defendant John Doe 1 ignored Plaintiff's concerns and sent him to
22 population.  The next day, inmate Morton was stabbed several times by three inmates.  The three
23 inmates repeatedly referred to inmate Morton by Plaintiff's name.  He was taken to the infirmary
24 by Defendant John Doe 2.  While there, inmate Morton told Defendant John Doe 2 that he knew
25 another inmate by Plaintiff's name, who had come down on a bus with him to USP-Atwater.
26 Inmate Morton told John Doe 2 that Plaintiff was their actual intended victim.  Defendant John
27 Doe 2 ignored inmate Morton's information and told him that the shift was about to change and
28 he was going home.

1        After inmate Morton's stabbing, Defendant John Doe 3 that was working the housing unit
2   locked down the Unit 3B, where the incident occurred, then conducted an emergency count.
3   Once the emergency count was completed, the 3B housing unit doors were opened.  None of the
4   inmates who had participated in the assault were taken into custody, nor were any weapons
5   confiscated.  When Plaintiff returned to his cell, he was attacked and stabbed by three inmates,
6   the same inmate who had participated in the earlier attack on inmate Morton.  Plaintiff was taken
7   to a local outside hospital to treat his wounds.  Plaintiff had been stabbed seven times in the
8   upper and lower back, once in the neck, and once in the head.
9        Plaintiff seeks monetary damages.

10  **III.   Analysis**

11       The Eighth Amendment protects prisoners from inhumane methods of punishment and
12  from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.
13  2006).  Although prison conditions may be restrictive and harsh, prison officials must provide
14  prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  *Farmer v.*
15  *Brennan*, 511 U.S. 925, 832-33 (1994) (internal citations and quotations omitted).  Prison
16  officials have a duty to take reasonable steps to protect inmates from physical abuse.  *Id.* at 833;
17  *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).
18       Plaintiff's allegations against Defendant John Doe 1 fail to state a cognizable claim.
19  Plaintiff alleges that he told Defendant John Doe 1 of concerns about being placed in general
20  population because of a prior stabbing incident at another federal prison.  This is not sufficient to
21  demonstrate that Defendant John Doe 1 knew of and disregarded an excessive risk to Plaintiff's
22  health or safety.  Plaintiff's concern about placement in the general population is not sufficient to
23  make John Doe 1 aware of Plaintiff's particular safety issues.
24       Plaintiff's allegations against Defendant John Doe 2 state a cognizable claim.  John Doe 2
25  was told by inmate Morton, the victim of an inmate assault, that Plaintiff was their intended
26  target.  John Doe 2 did not do anything about this because there was going to be a shift change,
27  and he was going home.  This states a claim for deliberate indifference in violation of the Eighth
28  Amendment.

1    Plaintiff's allegations against Defendant John Doe 3 fail to state a cognizable claim.
2 Defendant John Doe 3 placed the unit in lockdown for an emergency count, and then reopened
3 the doors later.  Plaintiff contends that Defendant John Doe 3 failed to locate the assailants of
4 inmate Morton and failed to confiscate any weapons.  However, Plaintiff's allegations do not
5 demonstrate that Defendant John Doe 3 knew of and disregarded an excessive risk to Plaintiff's
6 safety.  Plaintiff fails to show that John Doe 3 was aware of any threats to Plaintiff's safety.

**IV.    Conclusion and Recommendation**

Plaintiff states a cognizable *Bivens* claim against Defendant John Doe 2 for deliberate indifference in violation of the Eighth Amendment.  Plaintiff fails to state a cognizable claim against any other Defendants.

Accordingly, it is HEREBY RECOMMENDED that:

1)   This action proceed on Plaintiff's second amended complaint, filed October 19, 2009, against Defendant John Doe 2 for deliberate indifference in violation of the Eighth Amendment; and

2)   Defendants John Doe 1 and John Doe 3 are dismissed for failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, the plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 15, 2010**                              /s/ **Dennis L. Beck**
                                                        UNITED STATES MAGISTRATE JUDGE