1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

| | |
|---|---|
| GERALD A. WEST, | CASE NO. 1:09-cv-01277-LJO-GBC PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING CERTAIN CLAIMS |
| v. | |
| FEDERAL BUREAU OF PRISONS, et al., | (Doc. 25) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

9
10
11
12
13
14

15   **I.    Screening Requirement**

16        Plaintiff Gerald A. West ("Plaintiff") is a federal prisoner proceeding pro se and in forma

17   pauperis in this civil action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau</u>

18   <u>of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal

19   actors.  The Magistrate Judge screened the second amended complaint and issued findings and

20   recommendations on April 16, 2010, recommending the action proceed against Defendant Doe 2 and

21   be dismissed as to Defendants Doe 1 and Doe 2.  (Doc. 19.)  Plaintiff filed an objection on July 6,

22   2010, and the Court granted leave to file a third amended complaint.  (Docs. 23, 24.)  Currently

23   pending before the Court is the third amended complaint, filed August 27, 2010.  (Doc. 25.)

24        The Court is required to screen complaints brought by prisoners seeking relief against a

25   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

26   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

27   "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

28   monetary relief against a defendant who is immune from such relief."  28 U.S.C § 1915(e)(2)(B).

1

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

## II.    **Complaint Allegations**

Plaintiff is currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania.  On October 26, 2007, Plaintiff was transferred to the United States Penitentiary in Atwater, California.  Upon arrival he was interviewed by an unnamed captain ("Defendant Doe 1") to determine if he was suitable for placement in the general population.  Plaintiff told Defendant Doe 1 that there had been an incident at his prior prison and an inmate who had traveled with him was going to deliver a message to gang members to have him killed.  Defendant Doe 1 told Plaintiff not to worry about it and not to cross racial lines.  Plaintiff was placed in the general population.  (Doc. 25, p. 2.)

The following morning, inmate Morton was attacked and stabbed by gang members.  As inmate Morton was being escorted to the infirmary he told an unnamed correctional officer ("Defendant Doe 2") that he was not the intended target of the attack, but knew who was.  Defendant Doe 2 responded that it was the end of his shift and he was going home.  The unit was locked down due to the stabbing, however Plaintiff alleges that nothing was done to investigate who had committed the assault or to find the weapon used.  (Id.)

Two hours after the assault, an unknown correctional officer ("Defendant Doe 3"), knowing there was a weapon in the unit, gave the order to reopen the unit.  Plaintiff was stabbed by gang

1  members with prison made weapons. (Id.)  Plaintiff brings suit against Defendants Doe 1, Doe 2,

2  and Doe 3 in their individual and official capacities.  He is seeking punitive damages in the amount

3  of $500,000. (Id.)

4  **III.   Discussion**

5       Although prison conditions may be restrictive and harsh, prison officials must provide

6  prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  Farmer v.

7  Brennan, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted).  Prison officials

8  are required "to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682

9  F.2d 1237, 1250 (9th Cir. 1982) (abrogated on other grounds by Sandin v. O'Connor, 515 U.S. 472

10  (1995)).

11       To establish a violation of this duty, the inmate must show that prison officials were

12  deliberately indifferent to a substantial risk of serious harm to the inmate's safety.  Farmer, 511 U.S.

13  at 834.  Deliberate indifference requires a showing that "prison officials were aware of a "substantial

14  risk of serious harm" to an inmates health or safety and that there was no "reasonable justification

15  for the deprivation, in spite of that risk." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010)

16  (quoting Farmer, 511 U.S. at 837, 844).  Officials may be aware of the risk because it is obvious.

17  Thomas, 611 F.3d at 1152.  Plaintiff has stated a cognizable claim against Defendants Doe One, Doe

18  Two, and Doe Three for failure to protect in violation of the Eighth Amendment.[1]

19       However, Plaintiff may not bring suit against Defendants in their official capacities.  "The

20  Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and

21  state officials acting in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144,

22  1147 (9th Cir. 2007).  Therefore the Court will recommend that the claim against Defendants in their

23  official capacities be dismissed.

24  *///*

25

26       [1]While the complaint states a claim for relief for a violation of the Eighth Amendment, Plaintiff does not
   identify the Doe Defendants. Because Plaintiff is proceeding in forma pauperis, the Court must appoint the United
27  States Marshal to serve each defendant with a summons and complaint. Fed. R. Civ. Pro. 4(c)(2). However, the
   Marshal cannot locate and serve unidentified defendants.  Plaintiff will need to provide information sufficient to
28  identify Doe Defendants.

**IV.**     **Conclusion and Recommendation**

Accordingly, it is HEREBY RECOMMENDED that:

1.      This action proceed on the third amended complaint, filed August 27, 2010, against Defendants Doe 1, Doe 2, and Doe 3, in their individual capacities, for failure to protect in violation of the Eighth Amendment; and

2.      Plaintiff's claim against Defendants Doe 1, Doe 2, and Doe 3 in their official capacities be dismissed for failure to state a claim.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     December 30, 2010

UNITED STATES MAGISTRATE JUDGE