UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD A. WEST, | CASE NO.   1:09-cv-01277-LJO-GBC (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |
| v. | (ECF No. 34) |
| FEDERAL BUREAU OF PRISONS, et al., | |
| Defendants. | |

**ORDER**

Plaintiff Gerald A. West ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971).  This action proceeds on Plaintiff's Third Amended Complaint filed August 27, 2010 alleging Eighth Amendment violations against Defendant Does 1, 2, and 3.  (ECF No. 25.)  On February 18, 2011, the Court issued an Order requiring Plaintiff to provide additional information about Doe Defendants to initiate service of process.  (ECF No. 29.)  Plaintiff responded with additional information, but was unable to provide enough to effectuate service.  (ECF No. 30.) Plaintiff then filed a request to open limited discovery so that he could gather information

to identify the Defendant Does.  On May 2, 2011, this request was granted and discovery was opened for the limited purpose of identifying Doe Defendants.  (ECF No. 33.)  Plaintiff was given 120 days to provide such information.  (Id.)

Pending before the Court now is Plaintiff's Motion to Compel.  (ECF No. 34.)  In it, Plaintiff asks that the United States Attorney's Office be required to produce video footage and any documents related to the October 27, 2007 assault on Plaintiff, policies on staff supervision of inmates, policies on staff response to inmates regarding inmate threats and violence, a log of prison staff employees assigned to intake screening new arrivals on October 26, 2007, a log of prison staff involved in the assault on Plaintiff's cell mate on October 27, 2007, a log of prison staff involved in the investigation of the assault on Plaintiff and his cell mate, and a log of prison staff who were responsible for opening the unit after lockdown on October 27, 2007.  Plaintiff states that he sent a request for these documents to the United States Attorney's Office on May 5, 2011, but has not yet received a response.

While some of the information requested by Plaintiff could lead to the identification of Doe Defendants, this Motion to Compel is improper.  Under Rule 37 of the Federal Rules of Civil Procedure, a motion to compel may be brought "[i]f a party fails to make a disclosure required by Rule 26(a)" or replies to a discovery request with an "evasive or incomplete disclosure, answer, or response."  See Fed.R.Civ.P. 37(a).  At the present stage in the proceedings, a motion to compel is not the proper course of action.  General discovery has not been opened.  Defendants have not been named nor required to disclose anything.  The proper action would have been to file a request for the issuance of a subpoena duces tecum.  (See ECF No. 36.)

1   Therefore, Plaintiff's Motion to Compel is DENIED.

2  IT IS SO ORDERED.

3

4  Dated:   June 16, 2011

   UNITED STATES MAGISTRATE JUDGE