UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD A. WEST,<br><br>         Plaintiff,<br><br>   v.<br><br>FEDERAL BUREAU OF PRISONS, et al.,<br><br>         Defendants.<br>                                                              / | CASE NO.   1:09-cv-01277-LJO-GBC (PC)<br><br>ORDER REQUIRING PLAINTIFF TO COMPLETE AND RETURN ATTACHED SUBPOENA DUCES TECUM<br><br>COMPLETED SUBPOENA DUE WITHIN THIRTY DAYS |

Plaintiff Gerald A. West ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971).  This action proceeds on Plaintiff's Third Amended Complaint filed August 27, 2010 alleging Eighth Amendment violations against Defendant Does 1, 2, and 3. (ECF No. 25.)  On February 18, 2011, the Court issued an Order requiring Plaintiff to provide additional information about Doe Defendants to initiate service of process.  (ECF No. 29.)  Plaintiff responded with additional information, but was unable to provide enough to effectuate service.  (ECF No. 30.) Plaintiff then filed a request to open limited discovery so that he could gather information

to identify the Defendant Does.  (ECF No. 31.)  On May 2, 2011, this request was granted and discovery was opened for the limited purpose of identifying Doe Defendants.  (ECF No. 33.)  Plaintiff was given 120 days to provide such information.  (Id.)

Plaintiff then filed a Motion to Compel.  (ECF No. 34.)  This Motion was denied as improper and Plaintiff was given guidance as to the proper way to proceed, requesting the Court to issue a subpoena duces tecum.  (ECF No. 35.)

Attached to this Order is a subpoena duces tecum for Plaintiff to complete and return to the Court.  When completing this subpoena, Plaintiff is required to specify exactly which documents he is seeking.  The request must be specific enough to determine what Plaintiff seeks, i.e. the identity of Doe Defendants.  The request cannot be a broadly stated request that amounts to a fishing expedition.  Once returned, the Court will decide if it has been properly prepared and, if so, issue the subpoena to the correct entity for the production of documents.

Plaintiff is reminded that he is only allowed to engage in discovery for the limited purpose of identifying Doe Defendants 1, 2, and 3. The identifying information that Plaintiff previously gave the Court (each Doe's place of employment, location upon Plaintiff's arrival to the institution, appropriate dates, times, and positions) should be used to narrow Plaintiff's request for documents. Plaintiff also needs to keep in mind what entity/institution would have these records to address the subpoena correctly.

Plaintiff must abide by this guidance and keep his requests narrowly tailored to identifying Defendant Does.

Accordingly, the Court HEREBY ORDERS that:

1.      Plaintiff complete and return attached subpoena duces tecum;

2.    The Clerk's Office shall send Plaintiff a subpoena duces tecum; and

3.    Within thirty days from the date of service of this Order, Plaintiff shall fill out the subpoena and return it to the Court for review.

IT IS SO ORDERED.

Dated:   June 17, 2011

UNITED STATES MAGISTRATE JUDGE