1

2

3

4

5

6                              UNITED STATES DISTRICT COURT

7                               EASTERN DISTRICT OF CALIFORNIA

8
    GERALD A. WEST,                              CASE NO. 1:09-cv-01277-GBC (PC)
9
                          Plaintiff,
10                                               FINDINGS   AND   RECOMMENDATION
         v.                                      RECOMMENDING  DENIAL  OF  MOTION
11                                               FOR INJUNCTIVE RELIEF
    FEDERAL BUREAU OF PRISONS, et al.,
12                                               (ECF No. 32)

13                        Defendants.

14

15    _____/

16

17        Plaintiff Gerald A. West ("Plaintiff") is a federal prisoner proceeding pro se and in

18 forma pauperis in this civil rights action.  This action proceeds on Plaintiff's Third Amended

19 Complaint, filed August 27, 2010, against Defendants Doe 1, Doe 2, and Doe 3 for failure

20 to protect in violation of the Eighth Amendment.  (ECF No. 25.)

21        Plaintiff filed a Motion for Injunctive Relief on March 24, 2011.  (ECF No. 32.)  In it,

22 Plaintiff details the facts of this action, subsequent altercations, retaliation, and due

23 process violations, among other things.

24        "A preliminary injunction is an extraordinary remedy never awarded as of right."

25 Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation

26 omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to

27 succeed on the merits, that he is likely to suffer irreparable harm in the absence of

28 preliminary relief, that the balance of equities tips in his favor, and that an injunction is in

1   the public interest." <u>Id.</u> at 374 (citations omitted).  An injunction may only be awarded upon

2   a <u>clear</u> showing that the plaintiff is entitled to relief.  <u>Id.</u> at 376 (citation omitted) (emphasis

3   added).

4        Federal courts are courts of limited jurisdiction and, in considering a request for

5   preliminary injunctive relief, the Court is bound by the requirement that as a preliminary

6   matter, it have before it an actual case or controversy.  <u>City of Los Angeles v. Lyons</u>, 461

7   U.S. 95, 102 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church</u>

8   <u>and State, Inc.</u>, 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or

9   controversy before it, it has no power to hear the matter in question.  <u>Id.</u>  "[The] triad of

10  injury in fact, causation, and redressability constitutes the core of Article III's

11  case-or-controversy requirement, and the party invoking federal jurisdiction bears the

12  burden of establishing its existence."  <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83,

13  103-04 (1998).

14       The standard for a permanent injunction is essentially the same as for a preliminary

15  injunction, with the exception that the plaintiff must show actual success, rather than a

16  likelihood of success.  <u>See</u> <u>Amoco Prod. Co. v. Village of Gambell</u>, 480 U.S. 531, 546 n.

17  12 (1987).  However, the Ninth Circuit has recently revived the "serious questions" sliding

18  scale test, and ruled that a preliminary injunction may be appropriate when a plaintiff

19  demonstrates serious questions going to the merits and the balance of hardships tips

20  sharply in plaintiff's favor.  <u>Alliance for the Wild Rockies v. Cottrell</u>, 622 F.3d 1045, 1052-53

21  (9th Cir. 2010).

22       In cases brought by prisoners involving conditions of confinement, the Prison

23  Litigation Reform Act (PLRA) requires that any preliminary injunction "must be narrowly

24  drawn, extend no further than necessary to correct the harm the court finds requires

25  preliminary relief, and be the least intrusive means necessary to correct the harm."  18

26  U.S.C. § 3626(a)(2).  Moreover, where, as here, "a plaintiff seeks a mandatory preliminary

27  injunction that goes beyond maintaining the status quo pendente lite, 'courts should be

28  extremely cautious' about issuing a preliminary injunction and should not grant such relief

1   unless the facts and law clearly favor the plaintiff." Committee of Central American

2   Refugees v. I.N.S., 795 F.2d 1434, 1441 (9th Cir. 1986) (quoting Martin v. International

3   Olympic Committee, 740 F.2d 670, 675 (9th Cir. 1984)).

4          Plaintiff fails to meet the all of the legal standards required to be granted an

5   injunction.  To succeed on a motion for such relief, Plaintiff must establish that he is likely

6   to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

7   preliminary relief, that the balance of equities tips in his favor, and that an injunction is in

8   the public interest.  Plaintiff states that the threatened injury outweighs any damage the

9   injunction might cause; the public interest is best served by issuing the injunction; and that

10  there is a substantial likelihood of success on the merits of Plaintiff's case.

11         The Motion appears to be describing different causes of action in different

12  institutions not being dealt with here.  Plaintiff appears to be seeking a transfer out of his

13  current institution, which is not the same institution where the claims found to be

14  cognizable occurred.  The relief sought by Plaintiff in the instant motion is not related to the

15  controversy before the Court.  Any orders relating to a transfer from Plaintiff's current

16  institution (USP-Lewisburg) would not remedy Plaintiff's Eighth Amendment claims that

17  occurred at USP-Atwater.  Therefore, the Court lacks jurisdiction to issue the order sought

18  by Plaintiff.

19         Accordingly, the Court RECOMMENDS that Plaintiff's request for injunctive relief be

20  DENIED.

21  //

22  ///

23  /

24  //

25  /

26  /

27  //

28  /

1    These Findings and Recommendations are submitted to the United States District

2  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).

3  Within **thirty (30) days** after being served with these findings and recommendations, the

4  Plaintiff may file written objections with the Court.  Any such document should be captioned

5  "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that

6  failure to file objections within the specified time may waive the right to appeal the District

7  Court's order.  Martinez v. Y1st, 951 F.2d 1153 (9th Cir. 1991).

8  IT IS SO ORDERED.

9
   Dated:    June 24, 2011
10                                                        UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28