1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8
9
10

| | |
|---|---|
| GERALD A. WEST, | CASE NO. 1:09-CV-01277-LJO-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN DEFENDANTS AND DENIAL OF PLAINTIFF'S DISCOVERY MOTIONS FOR DISMISSED DEFENDANT |
| v. | |
| FEDERAL BUREAU OF PRISONS, et al., | |
| Defendants. | Docs. 51, 52, 56 |
| / | OBJECTIONS DUE WITHIN THIRTY DAYS |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Screening Order**

**I. Procedural History, Screening Requirement, and Standard**

On July 22, 2009, Plaintiff Gerald A. West, a federal prisoner proceeding pro se and in forma pauperis, filed a complaint against Defendants employed by the United States Penitentiary in Atwater, California ("USP Atwater"),[1] pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Doc. 1. On August 27, 2010, Plaintiff filed a third amended complaint, naming only Doe Defendants. Doc. 25. On February 15, 2011, the Court dismissed certain claims and directed the action to proceed against Doe Defendants for Eighth Amendment failure to protect. Doc. 28. On May 3, 2011, the Court granted Plaintiff's motion to conduct limited discovery, for the sole purpose of identifying Doe Defendants, and ordered Plaintiff

---

[1] Plaintiff is currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania.

1    to identify Doe Defendants within 120 days. Doc. 33. On July 26, 2011, the Court directed service

2    of a subpoena to the warden of USP Atwater, for the limited discovery of identifying Doe

3    Defendants. Doc. 45. On August 25, 2011, the Bureau of Prisons ("BOP") submitted a response to

4    Plaintiff's subpoena. Doc. 49. On March 7, 2012, Plaintiff filed his fourth amended complaint,

5    identifying two of the three Doe Defendants. Doc. 56.

6         The Court is required to screen complaints brought by prisoners seeking relief against a

7    governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

8    Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally

9    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

10   monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

11   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

12   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

13   claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

14        A complaint must contain "a short and plain statement of the claim showing that the pleader

15   is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

16   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

17   do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell*

18   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge

19   unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While

20   factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct. at 1949.

21        While prisoners proceeding pro se in civil rights actions are still entitled to have their

22   pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is

23   now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, Plaintiff must

24   demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v.*

25   *Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations

26   sufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss v. U.S. Secret*

27   *Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting

28   this plausibility standard. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

1

## II. Plaintiff's Fourth Amended Complaint

2

### A. Allegations

3          In Plaintiff's fourth amended complaint, he names the Federal Bureau of Prisons; the United

4   States of America; and J. Zaragoza, M. McNease, and Doe Defendant 3, who were employees of

5   USP Atwater. 4th Am. Compl. at 1, Doc. 56.

6          On October 26, 2007, Plaintiff arrived with inmate Morton at USP Atwater. *Id.* at 3. Upon

7   arrival, Plaintiff informed J. Zaragoza, and another unidentified prison official, that due to a prior

8   stabbing incident, Plaintiff would be assaulted if he was placed in the general population. *Id.* The

9   next day, inmate Morton was mistaken for Plaintiff by a group of inmates who attacked and stabbed

10  inmate Morton. *Id.* While inmate Morton was at the infirmary, he informed Officer McNease that

11  he was not the intended victim, and that Plaintiff was the intended victim. *Id.* Officer McNease

12  ignored the information and told inmate Morton responded that his shift was nearly over and that he

13  was going home. *Id.* at 4. After the assault on inmate Morton, the unit was placed on lockdown. *Id.*

14  During the lockdown, the unit was not searched; the inmates who assaulted inmate Morton were not

15  identified; and no weapons were confiscated. *Id.* Approximately one hour after the assault, the unit

16  was reopened by Doe Defendant 3, a duty officer or operation lieutenant. *Id.* A short while after the

17  unit was reopened, Plaintiff was attacked by the same inmates that attacked inmate Morton. *Id.* For

18  relief, Plaintiff requests to be moved to a protective institution, or a minimum security institution;

19  $250,000 in compensatory damages; and $250,000 in punitive damages. *Id.* at 3.

20

### B. Eighth Amendment Failure to Protect

21         The Eighth Amendment protects prisoners from inhumane methods of punishment and from

22  inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).

23  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with

24  food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S.

25  825, 832-33 (1994). Prison officials have a duty to take reasonable steps to protect inmates from

26  physical abuse. *Farmer*, 511 U.S. at 833; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).

27  The failure of prison officials to protect inmates from attacks by other inmates may rise to the level

28  of an Eighth Amendment violation where prison officials know of and disregard a substantial risk

1    of serious harm to the plaintiff. *E.g.*, *Farmer*, 511 U.S. at 847; *Hearns*, 413 F.3d at 1040.

2          Regarding the deliberate indifference prong of this analysis, a prison official cannot be held

3    liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless

4    the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive

5    risk to inmate health or safety. *See Farmer*, 511 U.S. at 837. The official must both be aware of facts

6    from which the inference could be drawn that a substantial risk of serious harm exists, and he must

7    also draw the inference. *See id.* This requires examination of the subjective intent of the defendant;

8    that the prison official defendant acted with a "sufficiently culpable state of mind" and deliberate

9    indifference to an inmate's health or safety. *See Farmer*, 511 U.S. at 834. Neither negligence nor

10   gross negligence will constitute deliberate indifference. *See id.* at 835-36 & n.4; *Estelle v. Gamble*,

11   429 U.S. 97, 106 (1976). Allegations in a pro se complaint sufficient to raise an inference that the

12   named prison officials acted with deliberate indifference—i.e, that they knew that plaintiff faced a

13   substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to

14   abate it—states a "failure-to-protect" claim. *Hearns*, 413 F.3d at 1041–42.

15                 While an inmate does not have to wait until he suffers an
                 attack to demonstrate an Eighth Amendment violation, he does have
16               to show that serious injury is "sure or very likely" and "sufficiently
                 imminent." *Baze v. Rees*, 553 U.S. 35 (2008) (quoting *Helling v.*
17               *McKinney*, 509 U.S. 25, 33-35 (1993)); *see also Purvis v. Ponte*, 929
                 F.2d 822, 825 (1st Cir. 1991). Here, Plaintiff has not done so.
18               Although courts have recognized that being labeled a "snitch" can
                 subject a prisoner to the risk of being injured, *see, e.g.*, *Benefield v.*
19               *McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001); *Harmon v. Berry*,
                 728 F.2d 1407, 1409 (11th Cir. 1984), Plaintiff has not sufficiently
20               demonstrated that the alleged labeling of him as a snitch has
                 subjected him to a substantial risk of harm in this case.
21                 Plaintiff states that he has been taunted, harassed, and
                 threatened by younger gang-oriented inmates; however, he fails to
22               provide any specifics, such as (i) who threatened him or (ii) the
                 content, type, and severity of the threats. Further, other than his own
23               affidavit and letters with his general claim that he has been
                 threatened, Plaintiff has not shown any support for his claim that he
24               is in danger. *Compare Northington v. Marin*, 102 F.3d 1564, 1567
                 (10th Cir. 1996) (finding that being labeled a snitch subjected
25               prisoner to substantial risk of harm where officer testified that a
                 prisoner identified as a snitch would be subject to beatings by fellow
26               inmates).

27   *See Kelley v. Wall*, 2010 WL 5176172 at *3 (D. R.I. Nov. 30, 2010). Plaintiff's fourth amended

28   complaint does not demonstrate that Zaragoza disregarded a substantial risk to Plaintiff's safety.

1   Plaintiff's vague contention that he may be attacked by a group of inmates is insufficient to establish
2   that Zaragoza knew Plaintiff faced a substantial risk of serious harm and disregarded the risk by
3   failing to take reasonable measures. Therefore, Plaintiff fails to state a cognizable *Bivens* claim
4   against Defendant Zaragoza based upon Eighth Amendment failure to protect.

5          "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a
6   complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks
7   merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[A] district court retains its
8   discretion over the terms of a dismissal for failure to state a claim, including whether to make the
9   dismissal with or without leave to amend."); *see also Smith v. Pacific Properties and Development*
10  *Corp.*, 358 F.3d 1097, 1106 (9th Cir. 2004) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.
11  1995) ("a district court should grant leave to amend even if no request to amend the pleading was
12  made, unless it determines that the pleading could not be cured by the allegation of other facts.")).

13         This is a case where to grant Plaintiff further leave to amend would be patently futile.
14  Plaintiff's claim as to Defendant Zaragoza lacks merit; this is Plaintiff's fourth amended complaint;
15  and there is no basis for a conclusion that a tenable claim for relief could be pleaded if leave to
16  amend were granted. Thus, Defendant Zaragoza should be dismissed.

17         As for Defendant McNease, Plaintiff's allegation that inmate Morton informed Defendant
18  McNease of the danger to Plaintiff is sufficient to state a cognizable *Bivens* claim against Defendant
19  McNease, based upon Eighth Amendment failure to protect.

20                          **C. Doe Defendant and Plaintiff's Motions for Discovery**

21         In Plaintiff's third amended complaint, the Court found cognizable claims against Doe
22  Defendants 1, 2, and 3. Doc. 28. On May 3, 2011, the Court granted Plaintiff's motion to conduct
23  limited discovery, for the sole purpose of identifying Doe Defendants, and ordered Plaintiff to
24  identify Doe Defendants within 120 days. Doc. 33. On March 7, 2012, Plaintiff filed his fourth
25  amended complaint, identifying two of the three Doe Defendants. Doc. 56. However, Plaintiff has
26  not identified Doe Defendant 3. Consequently, Plaintiff has not served Doe Defendant 3 within the
27  120-day period prescribed by Rule 4(m) of the Federal Rules of Civil Procedure. "[T]he court's
28  analysis of Rule 4(m) applies with equal force to Plaintiff's claims against the unnamed defendants."

*Katz v. United States*, 2009 WL 3169120, at *4 (D. Haw. Sep. 28, 2009) (citing *Scott v. Hern*, 216 F.3d 897, 911-912 (10th Cir. 2000) (upholding dismissal of an action against Doe defendants for failure to effect timely service under Rule 4(m)); *Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (N.D. Ill. Feb. 23, 1995) (that "authorities clearly support the proposition that John Doe defendants must be identified and served within 120 days of the commencement of the action against them"); *Sedaghatpour v. California*, 2007 WL 2947422, at *2 (N.D. Cal. Oct. 9, 2007) ("[T]he Court may dismiss 'Doe' defendants who are not identified and served within 120 days after the case is filed pursuant to [Rule] 4(m).").

On July 26, 2011, the Court directed service of a subpoena to the warden of USP Atwater, for the limited discovery of identifying Doe Defendants. Doc. 45. On August 25, 2011, the BOP submitted a response to Plaintiff's subpoena. Doc. 49. On September 8, 2011 and December 1, 2011, Plaintiff filed a motion to compel discovery and motion for subpoena, requesting various documents, including a video of the alleged incident. Docs. 51 & 52. On December 20, 2011, the BOP submitted an opposition to Plaintiff's motion, stating that it had conducted a diligent search and identified Doe Defendants 1 and 2, but could not identify Doe 3. Doc. 53. "Once the identity of the 'John Doe' defendant is known, the plaintiff may not continue to prosecute the claim against 'John Doe' but must substitute the defendant's true name." *Plumb v. Prinslow*, 847 F. Supp. 1509, 1523 n.13 (D. Ore. 1994). Plaintiff complied with this requirement by filing his fourth amended complaint, identifying two of the three Doe Defendants. Doc. 56.

As to Defendant Doe 3, Plaintiff described him as "the one who ordered the lockdown to be lifted after Inmate Morton was stabbed." Pl. Resp. at 2, Doc. 30. *See also* 4th Am. Compl. at 4, Doc. 56. The BOP submitted a declaration stating that after a diligent search, Defendant Doe 3 is unidentifiable. Def. Obj., Berg Decl. at 5, Doc. 53. Doe defendants are not favored in the Ninth Circuit as a general policy. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Velasquez v. Senko*, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). However, situations arise where the identity of alleged defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be

1   dismissed on other grounds. *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978), *cert. denied*, 439

2   U.S. 970 (1978). *See Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430-431 n.24

3   (9th Cir. 1977); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978). The

4   Court has permitted Plaintiff to conduct limited discovery, and the BOP has identified Doe

5   Defendants 1 and 2. Doc. 53. The BOP further submitted a declaration that after a diligent search,

6   Defendant Doe 3 is unidentifiable. Def. Obj., Berg Decl. at 5, Doc. 53. The BOP also argued that

7   Plaintiff is seeking discovery as to the merits of his case, which exceeds the scope of permissible

8   limited discovery to identify the Doe Defendants. Doc. 53. The Court finds that it is clear that further

9   discovery would not uncover the identity of Defendant Doe 3. Therefore, the Court afforded Plaintiff

10  sufficient opportunity to pursue discovery to identify Doe Defendants; the Court DENIES Plaintiff's

11  pending additional motion for discovery and motion for subpoena; and the Court recommends

12  dismissal of Doe Defendant 3, for Plaintiff's failure to identify and serve Doe Defendant 3 within

13  the 120-day period prescribed by Rule 4(m) of the Federal Rules of Civil Procedure.

14              **D. Defendant Federal Bureau of Prisons and United States of America**

15          Federal officers may be held liable for damages for the violation of an inmate's constitutional

16  rights. *Correctional Serv. Corp. v. Malesko*, 534 U.S. 61, 66, 122 S.Ct. 515 (2001) (citing *Bivens*

17  *v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971)).

18  However, *Bivens* claims are only available against officers in their individual capacities. *Vaccaro*

19  *v. Dobre*, 81 F.3d 854, 857 (9th Cir. 1996). Plaintiff may not pursue a *Bivens* claim against the BOP

20  or the United States, and they shall be dismissed from this action. *FDIC v. Meyer*, 510 U.S. 471, 486

21  (1994); *Cato v. United States*, 70 F.3d 1103, 1110 (9th Cir. 1995).

22          Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under

23  *Bivens* against Defendants Federal Bureau of Prisons and the United States.

24                      **III. Conclusion and Recommendation**

25          Based on the foregoing, it is HEREBY RECOMMENDED that:

26  1.      This action proceed on Plaintiff's fourth amended complaint, filed March 7, 2012,

27          against Defendant McNease, for failure to protect in violation of the Eighth

28          Amendment;

2.      Plaintiff's claim against Doe Defendant 3 is DISMISSED, without prejudice, for failure to serve Doe Defendant 3 within the 120-day period prescribed by Rule 4(m) of the Federal Rules of Civil Procedure;

3.      Plaintiff's motion for further discovery regarding Doe Defendant 3 is DENIED;

4.      Plaintiff's motion for additional subpoena regarding Doe Defendant 3 is DENIED;

5.      Plaintiff's claims against Defendants Zaragoza, Federal Bureau of Prisons, and the United States are DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983; and

6.      This matter is referred back to the Magistrate Judge to initiate service of process proceedings.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     March 15, 2012

                         UNITED STATES MAGISTRATE JUDGE