1

2

3

4

5

6

7      **UNITED STATES DISTRICT COURT**

8      EASTERN DISTRICT OF CALIFORNIA

9

GERALD A. WEST,                                    CASE NO. 1:09-CV-01277-LJO-GBC (PC)
10
                       Plaintiff,                  **AMENDED SECOND INFORMATIONAL**
11                                                 **ORDER - NOTICE AND WARNING OF**
       v.                                          **REQUIREMENTS FOR OPPOSING**
12                                                 **DEFENDANT'S MOTION TO DISMISS**
FEDERAL BUREAU OF PRISONS, et al.,
13                                                 Docs. 63, 66
                       Defendants.
14 _____/

15

16                          **I. Procedural History**

17         On July 22, 2009, Plaintiff Gerald A. West, a federal prisoner proceeding pro se and in forma

18 pauperis, filed a complaint against Defendants employed by the United States Penitentiary in

19 Atwater, California ("USP Atwater"),[1] pursuant to *Bivens v. Six Unknown Named Agents of Federal*

20 *Bureau of Narcotics*, 403 U.S. 388 (1971). Doc. 1. On February 15, 2011, the Court dismissed

21 certain claims and directed the action to proceed against Doe Defendants for Eighth Amendment

22 failure to protect. Doc. 28. On May 3, 2011, the Court granted Plaintiff's motion to conduct limited

23 discovery, for the sole purpose of identifying Doe Defendants, and ordered Plaintiff to identify Doe

24 Defendants within 120 days. Doc. 33. On July 26, 2011, the Court directed service of a subpoena to

25 the warden of USP Atwater, for the limited discovery of identifying Doe Defendants. Doc. 45. On

26 August 25, 2011, the Bureau of Prisons ("BOP") submitted a response to Plaintiff's subpoena. Doc.

27

28
       _____
       [1] Plaintiff is currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania.

1  49. On March 7, 2012, Plaintiff filed his fourth amended complaint, identifying two of the three Doe

2  Defendants. Doc. 56. On April 19, 2012, the District Judge adopted findings and recommendations,

3  dismissing certain defendants, and referring this matter back to the Magistrate Judge to initiate

4  service of process proceedings against Defendant M. McNease, for Eighth Amendment failure to

5  protect. Doc. 59.

6       On May 11, 2012, the Court issued a second informational order, advising Plaintiff that

7  Defendant may file an unenumerated 12(b) motion to dismiss for failure to exhaust administrative

8  remedies and how Plaintiff must oppose the motion in order to avoid dismissal, pursuant to *Wyatt*

9  *v. Terhune*, 315 F.3d 1108, 1119 (9th. Cir. 2003) (citing *Ritza v. Int'l Longshoremen's &*

10 *Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). Doc. 63. On September

11 13, 2012, Defendant filed a motion to dismiss for failure to exhaust administrative remedies. Doc.

12 66.

### II. *Woods v. Carey* and Contemporaneous Notice

14      On July 6, 2012, the Ninth Circuit found that the notice and warning of requirements for

15 opposing a defendant's motion to dismiss should be issued contemporaneously when a defendant

16 files a motion to dismiss, as opposed to a year or more in advance. *Woods v. Carey*, 2012 WL

17 2626912, at * 4 (9th Cir. Jul. 6, 2012). On May 11, 2012, this Court issued a second informational

18 order, containing the notice and warning of requirements for opposing a defendant's motion to

19 dismiss to Plaintiff. Doc. 63. On September 13, 2012, Defendant filed a motion to dismiss. Doc. 66.

20 In order to address the time delay between providing notice and the filing of defendant's motion, the

21 Court will issue this amended second informational order to Plaintiff, in accordance with *Woods.*

### III. Notice and Warning of Requirements for Opposing a Motion to Dismiss, for Failure to Exhaust Administrative Remedies, Pursuant to *Woods* and *Wyatt*

24      Pursuant to *Woods* and *Wyatt*, 315 F.3d at 1108, the Court hereby notifies Plaintiff of the

25 following rights and requirements for opposing a motion to dismiss for failure to exhaust

26 administrative remedies:

27 //

28 //

1         1.  Unless otherwise ordered, all motions to dismiss shall be briefed pursuant to Local Rule

2    230(l).

3         2.  Plaintiff is required to file an opposition or a statement of non-opposition to a defendant's

4    motion to dismiss. Local Rule 230(l). If Plaintiff fails to file an opposition or a statement of non-

5    opposition to the motion, this action may be dismissed, with prejudice, for failure to prosecute. The

6    opposition or statement of non-opposition must be filed not more than 21 days after the date of

7    service of the motion. *Id.*

8         3.  Defendant(s) have filed a motion to dismiss for failure to exhaust the administrative

9    remedies as to one or more claims in the complaint. The failure to exhaust the administrative

10   remedies is subject to an unenumerated Rule 12(b) motion to dismiss. *Wyatt*, 315 F.3d at 1119

11   (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1988)

12   (per curiam)). In deciding a motion to dismiss for failure to exhaust, the Court will look beyond the

13   pleadings and decide disputed issues of fact. *Wyatt*, 315 F.3d at 1119-20 (quoting *Ritza*, 837 F.2d

14   at 368). If the Court concludes that Plaintiff has not exhausted the administrative remedies, the

15   unexhausted claims must be dismissed and the Court will grant the motion to dismiss. *Wyatt*, 315

16   F.3d at 1120. If all of the claims are unexhausted, the case will be dismissed, which means Plaintiff's

17   case is over. If some of the claims are exhausted and some are unexhausted, the unexhausted claims

18   will be dismissed and the case will proceed forward only on the exhausted claims. *Jones v. Bock*, 549

19   U.S. 199, 219-224 (2007).  A dismissal for failure to exhaust is without prejudice. Wyatt, 315 F.3d

20   at 1120.

21        In responding to a defendant's unenumerated 12(b) motion to dismiss for failure to exhaust

22   the administrative remedies, Plaintiff may not simply rely on allegations in the complaint. Instead,

23   Plaintiff must oppose the motion by setting forth specific facts in declaration(s) and/or by submitting

24   other evidence regarding the exhaustion of administrative remedies. *See* Fed. R. Civ. P. 43(c); *Ritza*,

25   837 F.2d at 369. If Plaintiff does not submit his own evidence in opposition, the Court may conclude

26   that Plaintiff has not exhausted the administrative remedies and the case will be dismissed in whole

27   or in part.

28        4.  Unsigned declarations will be stricken, and declarations not signed under penalty of

1  perjury have no evidentiary value.

2        5.  The failure of any party to comply with this order, the Federal Rules of Civil Procedure,

3  or the Local Rules of the Eastern District of California may result in the imposition of sanctions

4  including but not limited to dismissal of the action or entry of default.

5

6  IT IS SO ORDERED.

7

   Dated:     October 3, 2012

8                                                    UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28