# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD A. WEST, | ) 1:09cv01277 LJO DLB PC </br> ) </br> ) FINDINGS AND RECOMMENDATIONS </br> ) REGARDING DEFENDANT'S MOTION TO </br> ) DISMISS FOR FAILURE TO EXHAUST </br> ) </br> ) (Document 66) |
| Plaintiff, | |
| vs. | |
| FEDERAL BUREAU OF PRISONS, et al., | |
| Defendants. | |

## I.  BACKGROUND

Plaintiff Gerald A. West ("Plaintiff"), a federal prisoner proceeding pro se and in forma pauperis, filed this civil action on July 22, 2009, pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  Pursuant to the Court's April 20, 2012, order, the action is proceeding on Plaintiff's Fourth Amended Complaint, which states a claim for failure to protect in violation of the Eighth Amendment against Defendant Michael McNease.  All other claims and Defendants have been dismissed.

1

On September 13, 2012, Defendant filed this motion to dismiss for failure to exhaust administrative remedies.[1]  Plaintiff opposed the motion on October 29, 2012, and Defendant filed a reply on November 7, 2012.

Plaintiff's claims arise from events occurring in 2007, while he was incarcerated at United States Penitentiary- Atwater ("USP-Atwater").  Plaintiff alleges that on October 26, 2007, he arrived at USP-Atwater with inmate Morton.  On October 27, 2007, inmate Morton was attacked and stabbed by a group on inmates.  While in the infirmary, inmate Morton told Defendant that Plaintiff was the intended target of the attack.  Plaintiff alleges that Defendant ignored the information and told inmate Morton that his shift was over and he was going home.  After a one hour lockdown was lifted, Plaintiff was attacked by the same group of inmates that attacked inmate Morton.

## II.     LEGAL STANDARD

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

---

[1] Plaintiff was provided with notice of the requirements for opposing a motion to dismiss for failure to exhaust in an order filed on October 3, 2012.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  **Error! Main Document Only.**

2

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which the defendants have the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust is subject to an unenumerated Rule 12(b) motion, and in resolving the motion, the Court may look beyond the pleadings and decide disputed issues of fact. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Morton v. Hall, 599 F.3d 942, 945 (9th Cir. 2010); Wyatt, 315 F.3d at 1119-20. If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice. Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

### III.     THE BOP'S ADMINISTRATIVE REMEDY PROCESS

As set forth in Defendant's motion and the Declaration of Jennifer Vickers, the Federal Bureau of Prisons (BOP) provides a grievance procedure, known as the Administrative Remedy Program, which allows inmates to seek formal review of any issue relating to their confinement at BOP-run institutions. 28 C.F.R. § 542.10 (2012). The first step in the process requires the inmate to present the grievance issue to staff for informal resolution, a step which may be waived by the Warden or the institution's Administrative Remedy Coordinator. 28 C.F.R. § 542.13.

The next step is the submission of a formal written administrative remedy request (request) on a BP-9 form to the institutional-level staff person designated to receive requests. 28 C.F.R. § 542.14. An exception exists at this step for sensitive issues, and an inmate who reasonably believes his issue is sensitive and his safety or well-being would be placed in danger if the request became known at the institution may submit the request directly to the Regional Director. 28 C.F.R. § 542.14(d)(1) (quotation marks omitted). If the request is not accepted, the inmate is to be notified in writing without return of the request. Id. (quotation marks omitted). If a remedy has been rejected, it may indicate that the inmate did not follow the appropriate procedures and it was returned in accordance with 28 C.F.R. § 542.17(a).

If an inmate is not satisfied with the Warden's response to his request at the first formal level of review, the inmate may submit the request to the Regional Director on a BP-10 form within twenty days of the Warden's response. 28 C.F.R. § 542.15. If not satisfied with the Regional Director's response, the inmate may appeal to the final level of review by submitting a BP-11 form appeal to the General Counsel within thirty days of the Regional Director's response. Id.

## IV. DISCUSSION

Defendant contends that Plaintiff failed to exhaust his claim at all three administrative levels prior to filing this action. Indeed, in his Fourth Amended Complaint, Plaintiff admitted that he had not completed the appeals process because prison officials refused to "provide [him] with documents and/or did not respond to informal resolutions, also threatened plaintiff with physical harm." Fourth Am. Compl. 2.[2]

In his opposition, Plaintiff explains that after not receiving responses at the institutional level, he filed a BP-9 indicating that he had not received any responses and was therefore prevented from filing a BP-9. The form, dated November 13, 2007, also complains that staff would not talk to him about the stabbing incident on October 27, 2007. Pl.'s Decl. Ex. B.

When this wasn't answered, Plaintiff states that he filed a BP-10 to the Regional Director, dated January 1, 2008. Pl.'s Decl. Ex. A. The appeal references three BP-9s, which Plaintiff states have not been answered in the required time limit. The BP-10 states that one BP-9 was "for negligent and safety concerns dealing with a[n] assault issue that happen on Oct. 27, 2007." This form, however, was sent to the Central Office rather than the Regional Office. Pl.'s Decl. Ex. A.

The Central Office rejected the appeal on January 15, 2008, because he submitted the appeal to the wrong level. The rejection explained that Plaintiff needed to file a BP-9 or a BP-10

---

[2] Plaintiff's allegations of threatened physical harm appeared for the first time in his Fourth Amended Complaint. The prior complaints only indicated that the BOP refused to respond, and that he had filed a Tort Claim.

4

prior to filing with the Central Office.  Plaintiff was also informed that he needed a separate appeal form for each issue.  Pl.'s Decl. Ex. M.

Plaintiff then "started the process over and explained that he was being prevented from using the Administrative Remedy System."  Pl.'s Opp'n 3.  On February 1, 2008, Plaintiff filed a BP-11 with the Central Office.  Pl.'s Decl. Ex. D.  In the appeal, Plaintiff stated that his BP-9s were not being answered, and that staff were instructed not to give him more forms.  This appeal was rejected on February 13, 2008, because it was filed at the wrong level.  The rejection explained that Plaintiff first needed to file a BP-9 at the institutional level.  Pl.'s Decl. Ex. E.

Finally, Plaintiff states that as a "last attempt before he was transferred," he attempted to file a sensitive BP-10 on April 3, 2008.  The appeal asked that Plaintiff be assigned to a new unit team because his current team was unprofessional and biased.  He states that in retaliation for his complaints, he has been isolated from his unit team and has not talked to them since February 2008.  Pl.'s Decl. Ex. E.  The appeal was rejected on April 3, 2008, because (1) it was not deemed sensitive; and (2) Plaintiff had failed to file an informal resolution prior to filing.  Pl.'s Decl. Ex. H.

Plaintiff has failed to exhaust his administrative remedies for numerous reasons.  First, as Defendant points out in his motion, his appeal forms do not sufficiently explain the issue in this action.  Plaintiff alleges that Defendant McNease had information that Plaintiff was not safe, but failed to act on it.  In his November 13, 2007, BP-9, he raises "staff negligence" and access to his central files and medical records.  He states that a staff member will not talk to him about a "stabbing incident that happen[ed] on October 27, 2007."  Pl.'s Decl. Ex. B.  In the January 1, 2008, BP-10, he mentions medical treatment, access to medical records and the October 27, 2007 event: "negligent and safety concerns dealing with an assault issue that happen[ed] on October 27, 07."  Pl.'s Decl. Ex. A.  In the BP-11, however, he only complained of prior appeals not being answered.

Therefore, Plaintiff failed to provide sufficient factual specificity, at each level, to alert the prison of the nature of the wrong. Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (adopting standard set in Strong v. David, 297 F.3d 646 (7th Cir. 2002)). Plaintiff didn't even mention the Defendant by name, nor did he state that anyone had information about potential harm. The BP-11 made no mention of the incident.

Second, Plaintiff did not correctly pursue his administrative remedies. Plaintiff's January 1, 2008, BP-10 should have been sent to the Regional Office. Instead, it was sent to the Central Office and was therefore rejected in part as filed at the wrong level. Pl.'s Decl. Ex. A, M. Plaintiff also failed to follow the instructions in the January 15, 2008, rejection letter. Instead of filing at the institutional level, he sent another appeal directly to the Central Office. Pl.'s Decl. Ex. D, M. The PLRA is not satisfied by a procedurally defective appeal. Woodford v. Ngo, 548 U.S. 81, 83-84 (2006).

Next, insofar as Plaintiff relies on the alleged failure to the prison to provide appeals forms, his exhibits undermine his assertion and credibility. In his opposition, Plaintiff states, "During the month of November and December 2007, [he] was not given any grievance forms," and "there were no grievance forms filed during this period because of prison staff interference." Pl.'s Opp'n 6. Similarly, Plaintiff states in his declaration that he did not start filing appeals until January 2008. Pl.'s Decl. ¶¶ 6, 7. In line with these statements, Defendant states that Plaintiff's first recorded filing referencing the October 27, 2007, incident was his January 1, 2008, BP-10. Reply 3.

Interestingly, Plaintiff's declaration now includes two appeals that were allegedly filed in November 2007. Pl.'s Decl. Ex. B, C. This means one of two things- either Plaintiff truthfully stated that he wasn't given forms during this time period and has now created the forms to

support his contentions[3], *or* his statement that the prison staff refused to give him grievance forms is false.

Finally, Plaintiff's filings also undermine his vague claim of physical harm. Defendant states that Plaintiff filed 15 administrative grievances between the time of the incident on October 27, 2007, and the filing of this action on July 22, 2009. Vickers Decl. ¶ 8. Moreover, as noted above, at least two appeals were filed during the period Plaintiff alleges threats. Defendant argues, and the Court agrees, that these 15 filings undermine his allegation of threats of physical harm.

## V.  FINDINGS AND RECOMMENDATIONS

Accordingly, based on the above, it is HEREBY RECOMMENDED that Defendant's motion to dismiss be GRANTED and that this action be DISMISSED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) after being served with these Findings and Recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **April 2, 2013**              /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE

---

[3] There are no stamps on these documents to indicate that they were received at any level.