# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD A. WEST,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MCNEASE, et al.,<br><br>　　　　Defendants. | Case No.: 1:09cv01277 LJO DLB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUPPLEMENTAL JURISDICTION<br><br>(Document 78) |

　　　　Plaintiff Gerald A. West ("Plaintiff"), a federal prisoner proceeding pro se and in forma pauperis, filed this civil action on July 22, 2009, pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  Pursuant to the Court's April 20, 2012, order, the action is proceeding on Plaintiff's Fourth Amended Complaint, which states a claim for failure to protect in violation of the Eighth Amendment against Defendant Michael McNease.  All other claims and Defendants have been dismissed.

　　　　On April 2, 2013, the Court issued Findings and Recommendations that Defendant's Motion to Dismiss for failure to exhaust be granted.  The Findings and Recommendations are pending.

　　　　On May 16, 2013, Plaintiff filed a motion entitled, "Supplemental or Pendent Jurisdiction" in which he requests that a Federal Tort Claim be added to the instant Bivens action.  Defendant opposed the motion on June 3, 2013, and Plaintiff filed his reply on June 17, 2013.

1

**DISCUSSION**

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  Id.  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'"  Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712-13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

Plaintiff's motion is essentially a motion to amend his complaint.  He seeks to add a claim under the Federal Tort Claim Act.  He states that he attempted to add the cause of action in his Fourth Amended Complaint, but he "just realized" why they were not combined.  Mot. 2.  Plaintiff's tort claim appears to be based on the same facts giving rise to the Eighth Amendment claim.

Plaintiff's motion must be denied for numerous reasons.  First and foremost, this action has been pending since 2009 and Plaintiff has had numerous opportunities to amend.  In fact, this case is proceeding on Plaintiff's *Fourth* Amended Complaint.  Although Plaintiff mentioned the Federal Tort Claim Act in the jurisdictional paragraph, it was not clear in the body of the complaint that he was attempting to allege a tort claim.  Indeed, he did not allege compliance with the Federal Tort Claims Act, which is a jurisdictional requirement.  Gillispie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980).

Second, allowing an amendment while Findings and Recommendations regarding dismissal are pending would be (1) prejudicial to Defendant; and (2) perhaps futile.  If the Court dismisses this action for failure to exhaust, there will be no complaint to amend.

Accordingly, based on the above, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

Dated:   **June 24, 2013**              /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28