1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

Plaintiff Gerald A. West ("Plaintiff"), a federal prisoner proceeding pro se and in forma pauperis, filed this civil action on July 22, 2009, pursuant to <u>Bivens v. Six Unknown Named Agents of</u>

| | |
|---|---|
| GERALD A. WEST, | ) Case No.: 1:09cv01277 LJO DLB (PC) |
| Plaintiff, | ) |
| v. | ) ORDER DENYING PLAINTIFF'S |
| | ) MOTION TO ALTER OR AMEND |
| FEDERAL BUREAU OF PRISONS, et al., | ) JUDMGENT |
| Defendants. | ) (Document 88) |
| | ) |
| _____ | ) |

<u>Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

On April 2, 2013, the Court issued Findings and Recommendations to grant Defendant's Motion to Dismiss based on Plaintiff's failure to exhaust his administrative remedies.  The Findings and Recommendations were adopted on June 25, 2013.

On July 15, 2013, Plaintiff filed a Motion to Alter or Amend the Judgment under Federal Rule of Civil Procedure 59(e).  Defendant opposed the motion on July 30, 2013.  The matter is deemed submitted pursuant to Local Rule 230(l).

## DISCUSSION

Although motions to reconsider are directed to the sound discretion of the court, <u>Frito–Lay of Puerto Rico, Inc. v. Canas</u>, 92 F.R.D. 384, 390 (D.C.Puerto Rico 1981), considerations of judicial economy weigh heavily in the process.  Thus Local Rule 230(j)(3) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances

[which] are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F.Supp. 1003, 1009 (C.D.Cal.1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir.1986); Keyes v. National R.R. Passenger Corp., 766 F.Supp. 277, 280 (E.D.Pa.1991).  These holdings "reflect[ ] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F.Supp. at 1009.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009) (internal quotations and citations omitted).  In seeking reconsideration, a party "must show more than a disagreement with the Court's decision," and recapitulating arguments the court has previously considered "fails to carry the moving party's burden)." United States v. Westlands Water District, 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001) (internal quotation/citation omitted).

Plaintiff's motion raises no grounds to alter or amend the judgment.  Instead, he simply sets forth his various disagreements with the Court's rulings throughout this action.  Plaintiff does not forth new evidence, a change in controlling law or any evidence that the Court committed clear error.

Accordingly, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

Dated:   **August 19, 2013**          **/s/ Lawrence J. O'Neill**
                                    UNITED STATES DISTRICT JUDGE